**Warren L. McCONNICO, Trustee in Bankruptcy for C. O. Hughes, Inc., Appellant,**

v.

**Jim MARRS and Marvin L. Marrs, Appellees.**

**No. 7159.**

United States Court of Appeals Tenth Circuit.

July 22, 1963.

William J. Threadgill and John T. Gibson, Tulsa, Okl., for appellant.

John Wheeler, Tulsa, Okl. (Doyle Watson, Drumright, Okl., and Wheeler & Wheeler, Tulsa, Okl., on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This bankruptcy proceeding concerns the right of the Trustee to money allegedly due the bankrupt under an oral contract. In substance the trial court found that the contract was for the benefit of a third party and the recovery of the Trustee was reduced by the amount to which the third party was entitled.

The bankrupt, C. O. Hughes, Inc., was in the business of drilling oil wells and owed appellee Jim Marrs $6,035.25 for services rendered. Hughes was unable to pay Jim and proposed to Mike Marrs, the father of Jim, that if Mike would hire Hughes to drill oil wells, Hughes would pay Jim from the money so earned. In November, 1959, Hughes and Mike made an oral contract for the drilling of two wells by Hughes at $2.35 a foot. Hughes agreed to pay Jim from the proceeds and to keep the wells free from liens.

The wells were completed about January, 1960. Mike tendered Hughes a check in full and demanded that Hughes pay Jim. Hughes refused saying that it had pledged the contract proceeds to a bank for security. Mike then withdrew his check. Jim sued Hughes and garnisheed Mike who answered by admitting the contract and the cost of the wells and by asserting a breach in the contract because of the refusal to pay Jim.

Less than four months after the garnishment Hughes was adjudicated bankrupt. The Trustee filed a petition to invalidate the garnishment lien and to require Jim to release, and Mike to pay, to the Trustee the amount thereof. On the same day that the Referee issued a show cause order pursuant to the petition and before that order was served, Mike paid to Jim the amount of Hughes' debt

to him [1] and paid three lien claimants to whom Hughes owed money for services in connection with the drilling of the wells for Mike. The remainder, $3,246.-25, Mike paid to the Trustee.

No response was filed by either Mike or Jim to the petition of the Trustee or to the show cause order. Because of the incapacity of the Referee the matter was heard by the Judge. Evidence was introduced by all parties in interest.

The court found the facts as have been outlined and concluded as a matter of law that the contract to drill the wells was for the benefit of Jim and that the disbursements made by Mike were in accordance with the contract.

No party questions the propriety of the determination of the controversy in summary bankruptcy proceedings. We recognize the desirability of prompt disposition of bankruptcy matters and the practical necessity at times of disregarding procedural formalities. In the case at bar disregard of procedure has not resulted in expeditious disposition. The lack of any definition of issues is at least a partial cause of a confused record on which we are unable to make any final disposition of the dispute.

Counsel for the Trustee say that the only issue is whether the garnishment lien is a void preferential transfer. We disagree. A determination that the lien is a preferential transfer does not answer the question of how much money Mike owes the Trustee. Unless Mike owes more than he has paid voluntarily, the Trustee is entitled to no relief.

The trial court held that the contract was for the benefit of Jim who had an enforceable right therein. In our opinion the holding was wrong. The pertinent Oklahoma statute provides that a third party may enforce a contract only when it is expressly made for his benefit.[2] In Neal v. Neal, 10 Cir., 250 F.2d 885, 890,

we held that under Oklahoma law a person cannot enforce in his own behalf as a third-party beneficiary a contract between others unless it clearly appears that the contract was expressly made for his benefit and the fact that he will be incidentally benefited by performance of the contract is insufficient. Although Jim was to receive a benefit from the contract, that benefit was to be the payment by Hughes of an antecedent debt which Hughes owed to Jim. The fact that the payment was not to be directly from Mike to Jim is shown by the conduct of the parties. Mike tendered Hughes a check for payment of the contract in full. When Hughes refused to pay Jim, Mike withdrew the check and did not then tender one in an amount less than the debt to Jim. Jim thereafter sued Hughes, not Mike, to recover and garnisheed Mike. The record thus establishes that the benefit to Jim was incidental rather than direct.

Hughes failed to fully perform its contract with Mike. The record shows that Hughes induced Mike to make the contract so that it, Hughes, would have some money with which to pay Jim; that except for this inducement Mike would not have entered into the contract; that Mike agreed to pay a drilling cost per foot which was allegedly in excess of the prevailing rate in the area; that Hughes agreed to pay Jim from the contract proceeds; and that Hughes refused to do so. The Trustee attempts to recover on a contract which the bankrupt has breached.

Perhaps a more careful analysis of the facts and study of the law pertaining thereto will aid in the resolution of the controversy. We suggest that on remand the respondents, Mike and Jim, be required to make a response to the rule to show cause and that prior to another hearing the issues be clearly defined.

1. This included not only the money due Jim from Hughes prior to the oral contract between Hughes and Mike but also money due Jim for lienable services performed by Jim in connection with the drilling of the wells for Mike.

2. 15 Okl.St.Ann. § 29 reads: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

Reversed for further proceedings in accordance with the views herein expressed.