A. R. McFARLAND, Appellant,

v.

Dr. Walter ATKINS, Acting Commissioner of the State Department of Health, or his successor, the Central Oklahoma Community Council Association and William J. Bross, Director, the United Appeal of the Greater Oklahoma City Area and William J. Benson, Director, the Oklahoma City Planned Parenthood Association and Mary Nelson, Executive Director, Appellees.

No. 50560.

Supreme Court of Oklahoma.

Nov. 28, 1978.

Rehearing Denied May 15, 1979.

Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen. of Oklahoma by Amalija J. Hodgins, Asst. Atty. Gen., Oklahoma City, for appellee, Dr. Walter Atkins, Acting Commissioner of the State Dept. of Health.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick by Clyde A. Muchmore and John J. Love, Oklahoma City, for appellees, The Central Oklahoma Community Council Ass'n, William J. Bross, The United Appeal of the Greater Oklahoma City Area, and William J. Benson.

Fagin, Hewitt, Matthews & Fagin by Arnold D. Fagin, Oklahoma City, for appellee, The Oklahoma City Planned Parenthood Ass'n and Mary Nelson.

BARNES, Justice:

### I.

The question presented for review is whether the Trial Judge committed reversible error when he ruled that the Plaintiff-Appellant had no standing to sue, and dismissed the Appellant's lawsuit.

The facts are not in dispute. Appellant, A. R. McFarland, filed a verified petition in which she named as Defendants-Appellees The State Department of Health and R. Leroy Carpenter, Director, and The State Department of Institutions, Social and Rehabilitative Services (DISRS) and Lloyd Rader, Director. Also named as Defendants were two charitable organizations, The Central Oklahoma Community Council and William J. Bross, Director, and The Oklahoma City United Appeal and/or United Way and William J. Benson, Director. Final Defendants named in the lawsuit were The Oklahoma City Planned Parenthood Association (Planned Parenthood) and its Director, Mary Nelson.

The State Board of Health is charged, under 63 O.S.Supp.1967, § 2071, et seq., with the responsibility of promulgating rules, regulations, and standards for the

operation of Family Planning Centers, and such rules and regulations were promulgated. Planned Parenthood operates a Family Planning Center under a contract with the State Board of Health of the State Department of Health.

Appellant sought a mandatory injunction requiring Planned Parenthood's compliance with certain State laws. Specific examples of non-compliance were alleged, e. g., that Planned Parenthood distributed birth control information and services to minors in a manner prohibited by 63 O.S.Supp.1976, § 2601, et seq.

Appellant further requested that the Defendants-Appellees be restrained from making grants of money and from distributing money to Planned Parenthood until such time as that association complied with State and Federal statutes and the rules and regulations issued by the State Department.

In an Amended Petition, Appellant dropped DISRS and its Director and the State Department of Health as Defendants, but, in their stead, named Dr. Walter Atkins, Acting Director of the State Department of Health. The Amended Petition alleged additional facts and changed portions of the prayer for relief.

The Trial Judge allowed Planned Parenthood and its Director to orally demur to Appellant's Amended Petition, and solicited authority on the issue of Appellant's standing to sue. After argument on the issue of standing, the Trial Court dissolved the temporary restraining order and dismissed the lawsuit on the basis that Appellant had no standing to maintain the action.

Appellant based her standing to sue on the following pertinent portions of her Amended Petition:

"13. That the Plaintiff, as a resident, voter and taxpayer of the State of Oklahoma, of Oklahoma City, and of Oklahoma County, is an intended and direct beneficiary of the contract between Planned Parenthood and the State Board of Health and/or the State Department of Health, and *has an interest in seeing that the Commissioner of the State Department of Health enforces the rules,* *regulations, and standards promulgated by the State Board of Health.*

"14. That the Plaintiff has an enforceable pledge of contribution to Defendant Central Oklahoma Community Council and to Defendant United Appeal of the Greater Oklahoma City Area, part of which has been paid, and has an interest in making certain that her contribution and/or monies are not used for any purpose prohibited by law.

"15. That the Plaintiff, as a resident, voter and taxpayer of the State of Oklahoma, of Oklahoma City, and of Oklahoma County, is an intended and direct beneficiary of the agreement between the Central Oklahoma Community Council and Planned Parenthood, whereby the Defendant Central Oklahoma Community Council will distribute funds to Planned Parenthood, and is an intended and direct beneficiary of the agreement between Defendant United Appeal of Greater Oklahoma City Area and Planned Parenthood, whereby the United Appeal of Greater Oklahoma City Area will distribute funds to Planned Parenthood, and, as such, has an interest in making certain that contributions and/or monies of the Charitable Organizations are not used for any purpose prohibited by law." [Emphasis added]

## II.

■ We will first consider whether the Appellant has standing to maintain an action for injunctive relief against the State Commissioner of Health.

Appellant argues she has standing to seek an injunction requiring the State Commissioner of Health to enforce the rules, regulations, and standards of the State Board of Health for Family Planning Centers. She asserts that her standing is authorized by three distinct statutes: 63 O.S.1971, § 1-1701; 12 O.S.1971, § 1381; and 12 O.S.1971, § 1452.

Appellant submits that 63 O.S.1971, § 1-1701, is a specific statutory authorization for her to seek injunctive relief to compel

the State Commissioner of Health to comply with the provisions of the Public Health Code, by requiring Planned Parenthood to comply with the rules, regulations, and standards of the State Board of Health for Family Planning Centers.

Title 63 O.S.1971, § 1–1701, provides in part:

"(b) Notwithstanding the penalties hereinbefore provided for, District and Superior Courts *may also grant injunctive relief* to prevent a violation of, or to *compel a compliance with, any of the provisions of this Code*; and the *County Attorney shall fine and prosecute appropriate proceedings therefor in the name of the state, on request of the Commissioner.*" [Emphasis added]

Relying upon our opinion in *City of Moore v. Central Oklahoma Master Conservancy District, Okl., 441 P.2d 452 (1968),* Appellant argues that even though the above quoted statute requires the County Attorney to initiate proceedings for injunctive relief at the request of the Commissioner, that provision does not foreclose the use of the statute as a basis for action initiated by an individual citizen. We do not agree with Appellant's contention. First, we would note that the question of standing was not raised in the *City of Moore* case. Secondly, we note that the suit in that case was not initiated by an individual citizen, but was initiated by a municipal corporation and a Conservancy District.

As we do not believe that it was the Legislature's intent to allow the State to be subject to unlimited suits to enjoin its actions, we hold that the provisions of 63 O.S.1971, § 1–1701(b), do not authorize the initiation of a suit by an individual citizen.

■ Nor is a suit by an individual authorized by either 12 O.S.1971, § 1381,[1] or 12 O.S.1971, § 1452,[2] both of which are general statutes that do not deal with standing to bring suit.

### III.

■ Having held that none of the statutes relied upon by Appellant authorizes her to seek injunctive relief against the Commissioner of Health, we next consider Appellant's contention that she had standing to sue the Commissioner by virtue of her status as third party beneficiary of the contract between the State Health Department and Planned Parenthood.

Title 15 O.S.1971, § 29, provides:

"A contract, made *expressly* for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." [Emphasis added]

In interpreting this statute, we have held that the fact that a person may derive incidental benefits from an agreement made between others is legally insufficient to confer standing upon him. See *Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880 (1935).* The applicable rule was also set forth by the Tenth Circuit Court of Appeals in *McConnico v. Marrs, 320 F.2d 22 (10th Cir. 1963),* in which the Court held that one cannot claim a third party beneficiary status "unless it clearly appears that the contract was expressly made for his benefit and the fact that he will be incidentally benefited by performance of the contract is insufficient."

In her Amended Petition, Appellant alleged no more than that she is a citizen of Oklahoma and thus benefited from the agreements in precisely the same manner that any other citizen would be benefited. There was no allegation that the contracts were made *expressly* for her benefit. Thus, we conclude that Appellant did not have

---

1. 12 O.S.1971, § 1381, provides:

"The injunction provided by this code is a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy, and, when so allowed, it shall be by order. The writ of injunction is abolished."

2. 12 O.S.1971, § 1452, provides:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

standing to bring suit against the Commissioner as a third party beneficiary.

## IV.

■ Additionally, Appellant argues that even if she is not a third party beneficiary, she nevertheless has standing, as a taxpayer, to sue to enjoin the unlawful expenditure of State funds.

In addressing this argument, we first note that the State Department of Health is, under the provisions of 63 O.S.1971, § 2072,[3] specifically authorized to establish Family Planning Centers. Indeed, Family Planning Services are, at 63 O.S.1971, § 2071,[4] expressly declared to be essential to the health and welfare of the State citizenry. Thus, appropriations and expenditures for such services are not unlawful. Nor is it unlawful for the State to provide such services through contract with nongovernmental agencies, such as Planned Parenthood, for the provisions of 63 O.S.1971, § 2072, expressly provide that Family Planning Centers "may be operated directly by the State Department of Health, or by the State Department of Health in cooperation with nongovernmental agencies or organizations." Thus, the appropriation and expenditure of funds to Planned Parenthood is not unlawful nor unauthorized.

In fact, the only unlawful acts alleged by Appellant are Planned Parenthood's failure to comply with specific laws and regulations. Appellant's true complaint is that Planned Parenthood is not complying with certain laws and rules, and that the State Department of Health will not enforce the rules and laws against Planned Parenthood. Appellant, in bringing her suit, seeks to enforce the applicable laws and rules, and, as held above, has no standing to do so.

She seeks to circumvent her lack of standing by alleging that unlawful expenditures of State funds are involved. Yet, the only alleged unlawful acts are that Planned Parenthood, in performing its contract with the State, has failed to comply with all applicable laws and regulations. In short, Appellant attempts to use her status as a taxpayer to compel Planned Parenthood to follow all applicable laws and regulations. Appellant's status as a taxpayer does not authorize or allow her to so enforce the law. Accordingly, we hold that Appellant does not have standing to seek injunctive relief against the State Commissioner of Health.

## V.

Lastly, we consider whether Appellant had standing to bring suit against the charitable organizations involved, The Central Oklahoma Community Council Association and The United Appeal of the Greater Oklahoma City Area. Appellant's standing to seek injunctive relief against these charitable organizations is based upon her having made a charitable contribution to the organizations, and having pledged future support. In light of these contributions, Appellant argues that she has an interest in making certain that her contributions and/or her moneys are not used for any purpose prohibited by law. Additionally, Appellant argues that she is a third party beneficiary of the agreements between the charitable organizations and Planned Parenthood whereby Planned Parenthood receives moneys from the charitable organizations.

■ As a general rule, a mere contributor to a charitable fund, which is made up of contributions from many persons, cannot call the Trustee of that fund to an account-

---

3. 63 O.S.1971, § 2072, provides:

"The State Department of Health is authorized to establish Family Planning Centers. These centers may be operated as a part of the services of a County, District, Cooperative or City-County Department of Health, or may be operated directly by the State Department of Health, or by the State Department of Health in cooperation with nongovernmental agencies or organizations."

4. 63 O.S.1971, § 2071, provides:

"Family planning services are declared to be essential to the health and welfare of the citizens of Oklahoma. The term 'Family Planning' as used herein shall encompass the spacing of children and infertility or sterility in husbands and/or wives."

ing for misapplication of the funds or any other breach of trust, unless that contributor has some special interest in the trust, or a reversionary interest in the fund different from that of his or her fellow contributors. See *Holden Hospital Corporation v. Southern Illinois Hospital Corporation, 22 Ill.2d 150, 174 N.E.2d 793 (1961); Ludlum v. Higbee, 11 N.J.Eq. 342 (1895); Clark v. Oliver, 91 Va. 421, 22 S.E. 175 (1895); and 62 A.L.R. 881, 897 (1929).*

■ In the present case, Appellant has not alleged a special interest in the fund to which she contributed, which would be different from her fellow contributors, and because of this lacks standing to maintain an action against them.

■ Nor has Appellant alleged that she was an *express* third party beneficiary of the contract between the charitable organizations and Planned Parenthood. This being the case, as noted above, Appellant lacks standing to seek injunctive relief against the charitable organizations on a third party beneficiary basis.

For the above stated reasons, we hold that Appellant lacks standing to maintain an action for injunctive relief against the State Commissioner of Health and both charitable organizations involved. Accordingly, we affirm the Trial Court's order which dismissed her suits for lack of standing.

AFFIRMED.

LAVENDER, V. C. J., and IRWIN, SIMMS and HARGRAVE, JJ., concur.

WILLIAMS and DOOLIN, JJ., concur in part and dissent in part.

WILLIAMS, Justice, concurring in part and dissenting in part:

As the majority opinion says, the only question presented by the record before us is the question of standing to sue. To answer that question, we must consider as true all of the allegations of the amended petition as a whole, and not merely the three isolated paragraphs quoted in the majority opinion. Needless to say, the question of the truth or falsity of the allegations is not before us at this time.

Although I agree with the holding of the majority that appellant does not have standing to sue the private charitable groups involved, I must respectfully disagree with the holding that she lacks standing to sue the State Commissioner of Health.

The holding is based upon a conclusion that the amended petition alleged only "non-expenditure irregularities"—a phrase that does not appear in the pleadings in the record before us.

In my view, taken as a whole, the amended petition plainly alleged that unlawful expenditures were involved. It alleges, in effect, (1) that Planned Parenthood is operating a Family Planning Center under a contract with the State Department of Health, and (2) that a part of its operations are in violation of law. I can find no basis in the amended petition for the conclusion that the unlawful part of the operation involves merely "non-expenditure irregularities". Whatever Planned Parenthood does in the operation of the Family Planning Center—whether lawful or unlawful—is done pursuant to the contract with the State Department of Health, for which it receives a valuable consideration.

In the fourth paragraph of the majority opinion, it is said that "Planned Parenthood operates a Family Planning Center under a contract with the State Board of Health * * *", and in the next paragraph, as a specific example, the allegation that " * * * Planned Parenthood distributed birth control information and services to minors in a manner prohibited by 63 O.S. Supp.1976, Sec. 2601, et seq", is set out. The further conclusion, in the third paragraph of Part IV of the opinion, that the allegedly unlawful distribution of "birth control information and services" costs nothing and amounts only to "non-expenditure irregularities" is, to my mind, not justified by any of the language of the amended petition.

In my view, the holding of this Court in the previous opinion promulgated herein on March 14, 1978 (published at 49 OBJ 423), on the question of standing to sue the State Commissioner of Health, was correct and should be followed.

This Court has held that a resident taxpayer has an equitable ownership in funds in the State Treasury. See *Vette v. Childers, et al.*, 102 Okl. 140, 228 P. 145. In that case we reversed a judgment of the trial court dismissing an action by a private taxpayer for an order restraining the expenditure of public funds unconstitutionally appropriated by our Legislature, and remanded the case for further proceedings. In my view, basic principles of due process require that we do the same for the appellant in the case now before us. Unfortunately, the holding of the majority effectively closes the door to a taxpayer who is merely trying to prevent the unlawful expenditure of funds in which she has an equitable interest.

On the question of standing to sue the State Commissioner of Health, I therefore respectfully dissent.

I am authorized to state that Mr. Justice DOOLIN concurs in the views herein above expressed.